# OF THE STATE OF LOUISIANA.

BAILLY, F. M. C. *vs.* PERCY, F. W. C.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
WATTS PRESIDING.

A judgment, on a petition for an order of seizure and sale of the mortgaged premises, which has been opposed, *without saying against whom*, for the whole amount of the plaintiff's claim, is insufficient to authorize a seizure and sale, under a *fieri facias* issuing thereon.

A sheriff's sale, which recited that it was made in pursuance of a certain judgment, which in fact did not exist as set forth, was held to be defective, and conveyed no title to the purchaser.

The sale by the sheriff is the last act under the judgment and execution, and fixes the condition of the purchaser under it.

Where a sheriff's sale purported to transfer all the *right, title and interest, of a particular defendant*, in execution to the purchaser, and it appeared this defendant was not *a party condemned in the judgment* by name, and was not in fact the true owner of the property seized, the sale was held to be bad, and conveyed no title.

This is a petitory action, to recover two lots of ground in the possession of the defendant. The case was once before in this court, on an appeal from a judgment of non-suit. See *the case, now first published, ante* 14.

The facts and pleadings of the case are minutely and accurately stated in the reasons of the judgment, rendered by the district judge presiding, and are as follows :

"In July, 1807, Jacques Leduff, f. m. c., conveyed lots Nos. five and six, in square eighty-six, in Faubourg Lacourse, each to his two sisters, Heloise Trudeau and Nannette Leduff. Pierre Bailly & Son, were the endorsers of Jacques Leduff. On the 5th January, 1813, Jacques Leduff mortgaged his property to Bailly & Son, for the security of these endorsements. Heloise Trudeau and Nannette Leduff, his sisters, joined in this mortgage, and specially mortgaged lots Nos. five and six, for this purpose ; Marie Therese Leduff, another sister, joined also in this mortgage, and mortgaged her property for the same purpose. Jacques Leduff failed,

Eastern Dist.
May, 1839.

BAILLY, F. M. C.
vs.
PERCY, F. W. C.

and Antoine Fromenten and Francis Galez became his syndics. On 21st May, 1814, Pierre Bailly & Son, transferred their mortgage to Fromenten and Galez, with a view to have the mortgaged property sold, and the proceeds applied to pay Jacques Leduff's notes, endorsed by Bailly & Son. On 3d June, 1814, Fromenten and Galez instituted suit on the mortgage, to have the mortgaged property seized and sold. Marie Therese Leduff, Nannette Leduff and Heloise Trudeau, answered, and contested the verity of the mortgage act. This answer was filed 14th June, 1814. The order of seizure and sale was suspended or enjoined. On 1st March, 1816, the following judgment was entered : " On motion of A. L. Duncan, Esq., of counsel for the petitioners, it was, thereupon, ordered by the court, that judgment be entered in favor of petitioners, for the sum of seventeen thousand six hundred and fifty-two dollars and ninety-two cents, principal and interest, together with costs of suit to be taxed : and it was further ordered, &c., that the property mortgaged, as in the petition mentioned and set forth, be sold by the sheriff, to satisfy this judgment."

On the 8th March, 1816, a *fi. fa.* issued out of the District Court. This execution commands the sheriff to demand from Marie Therese Leduff and others, the sum of seventeen thousand six hundred and fifty-two dollars and ninety-two cents, which Fromenten and Galez had lately recovered against said Marie Therese Leduff and others. This execution is returned, stayed by order of plaintiff's attorney.

On 4th June, 1816, a like execution issued in like form, and to this execution the sheriff returns : seized a house and lot in Conti-street, seven lots of ground in Faubourg Lacourse, and the following slaves, to wit : Lespasie, &c., and sold the same according to law, and made by the said sale, after deducting all costs and charges, the sum of eight thousand one hundred dollars and twelve and a-half cents, which sum I paid to A. L. Duncan, Esq., attorney for the plaintiffs, June 28th, 1816. The return is dated July 19th, 1816. This return does not show who became the purchasers, but an extract from the sheriff's books, under the head of the

suit, and purporting to be account of sale of the property seized in that suit, shows that Pierre Bailly was purchaser of lots Nos. 1, 2, 3, 4, 5, 6 and 12, for one hundred dollars each.

The sheriff's deed, which purports to be dated 20th June, 1816, recites that the sheriff did, by virtue of the execution in the suit of Fromenten and Galez *vs.* Marie Therese and others, seize lots Nos. 1, 2, 3, 4, 5, 6 and 12, in Faubourg Lacourse, in square No. 86, and having exposed the same according to law, Pierre Bailly & Son became the purchasers thereof.

Now, therefore, &c., the sheriff grants, &c., to Pierre Bailly & Son, all the right, &c., which the said Marie Therese Leduff, on 1st March, 1816, had, &c.

The defendant, Adelaide Percy, exhibits a title to herself, for lot No. 5, square No. 86, from the heirs of Heloise Trudeau, bearing date the 14th January, 1822, and one of same date, from Nannette Leduff, for lot No. 6, square No. 86. Plaintiff shows by a witness, the agent of Bailly and Son, that defendant, Adelaide Percy, in 1824, or about that period, showed a written permission from Bailly & Son, to occupy and cultivate as many of the lots of ground belonging to them in the Faubourg Lacourse, -as she could enclose. The defendant, at the time, acknowledged her purchase.

The district judge was of opinion, that as the sheriff's deed only purported to convey to the plaintiff *the right, title and interest of Marie Therese Leduff,* in the lots sued for, and it is not shown that she owned them at any time, the plaintiff could not recover. Judgment was given for the defendant, and the plaintiff appealed.

*Canon,* for the plaintiff.

*Denis, contra.*

*Rost, J.,* delivered the opinion of the court.

This is a petitory action, in which the plaintiff claims two town lots, under a judicial sale made to him by the sheriff of the parish of Orleans, on the 20th of June, 1816.

EASTERN DIST.
May, 1839.

BAILLY, F. M. C.
vs.
PERCY, F. W. C.

The defendant pleaded *res judicata,* a good title by purchase and prescription, and generally denied all the allegations in the plaintiff's petition. Judgment was given in her favor in the court below, and the plaintiff appealed.

This case has already been before this court, upon an appeal from a judgment of non-suit, given by the Parish Court of the parish of Orleans. The plaintiff then rested his claim upon the sheriff's sale alone, which purports to have conveyed to him and his father, all the right, title and interest of Marie Therese Leduff, to the lots in controversy, and this court being of opinion that no evidence superior in dignity to that offered by the defendant, had been adduced by the plaintiff, decided that he had failed to make out his title, and affirmed the judgment of the inferior court.

The action was renewed, and the additional evidence introduced by the plaintiff, discloses the following facts:

In 1813, one Jacques Leduff mortgaged his property to the plaintiff and his father, to secure endorsements given, and to be given to him by them. Heloise Trudeau and Nannette Leduff, his sisters, joined in the act, and mortgaged the lots in controversy, which then belonged to them, for the same object. Marie Therese Leduff, also joined in the act, and mortgaged her property for the same object. In 1814, Jacques Leduff failed, and Antoine Fromenten and Francis Galez were appointed his syndics. Pierre Bailly & Son, transferred their mortgage to the syndics, with the view to have the mortgaged property sold, to pay the advances they had made. Shortly after, the syndics took out an order of seizure, the three sisters of the insolvent came *into* court and contested the rights of the seizing creditors.

The proceedings were suspended for some time, and on the 1st March, 1816, on motion of the plaintiff's counsel, and upon a petition praying exclusively for an order of seizure and sale of the mortgaged premises, a judgment was entered in favor of the plaintiffs, without saying against whom, for the whole amount of their claim, interests and costs, and the mortgaged property mentioned in the petition, was ordered to be sold to satisfy it.

A judgment on a petition for an order of seizure and sale of the mortgaged premises, which has been opposed, without saying against whom, for the whole amount of the plaintiff's claim, is insufficient to authorize a seizure and sale under der a *fieri facias,* issuing thereon.

We cannot understand such a decree to be a final judgment against the opponents to the seizure personally, because it does not purport to be so on the face of it; and because, further, a judgment of that kind could not have been intended under the pleadings; be that as it may, a writ of *fieri facias* was taken under it, against Marie Therese Leduff and others, and the return of the sheriff upon it states, that he seized a house and lot in Conti-street, seven lots in Faubourg Lacourse, and some slaves; sold the same according to law, and made by the sale, after deducting expenses, eight thousand one hundred dollars, which he paid to the plaintiffs' attorney. It further states that some of the slaves seized, were returned to the defendants, by order of the plaintiffs.

This return does not show the name of the purchaser, but the sheriff's sale, under which the plaintiff claims, purports to have been made under this writ, and conveys to Pierre Bailly & Son, all the right, title and interest which *Marie Therese Leduff* had to the seven lots of ground seized, *or any part thereof.*

The plaintiff has shown that his father had died, and that he was his only heir, but the defendant contends that he shows no title; that Marie Therese Leduff never had any right, title or interest in the lots in controversy; that they belonged to Heloise and Nannette Leduff, from whom she acquired them in 1822, for a valuable consideration, and that her vendors had been in possession of them, under a good title, since 1807. These facts are fully proved. The plaintiff has attempted to show that the defendant had notice of his title, and possessed by his permission; but before this can avail him, it is incumbent upon him to show that he has a title. Nothing but the rights of Marie Therese Leduff passed under the sheriff's sale, and we cannot by implication say that it conveyed away the rights of persons who are not named in it.

In the case of *Dufour* vs. *Camfranc,* 11 *Martin,* 610, the sheriff had made an error in his conveyance, in relation to the name of the parties to the suit. The suit described in

A sheriff's sale which recited that it was made in pursuance of a certain judgment, which in fact did not exist as set forth, was held to be defective, and conveyed no title to the purchaser.

EASTERN DIST. the deed *did not exist,* and he had made his return in that
May, 1839.   under which he had sold.   This court held the error fatal.

The sale by
the sheriff is the
last act under
the  judgment
and  execution,
and  fixes  the
condition of the
purchaser under
it.
When a she-
riff's sale, pur-
ported to trans-
fer all the right
title and interest
of  a  particular
defendant in ex-
ecution  to  the
purchaser,  and
it  appears  this
defendant  was
not a party con-
demned  in  the
judgment   by
name,  and  was
not in fact the
true  owner  of
the   property
seized,  the sale
was held to be
bad and convey-
ed no title.

They went altogether on the sheriff's sale, to ascertain the
extent of the rights of the purchaser, and seem to have dis-
regarded the return.   That view was undoubtedly correct.
The sheriff's sale is the last act under the execution, and
the only one which fixes the condition of the purchaser
under it.   Until it is made, the adjudication may be modified
by private arrangements between the parties.   It appears by
the sheriff's return, that some of the slaves seized, were
released before the sale, by order of the plaintiffs, and given
back to the defendants.   Some such arrangement may have
been made after the adjudication, for the lots in controversy.
The sheriff in transferring the right, title and interest of
Marie Therese Leduff, to the lots seized, or *any part of them,*
seems to have been aware that they did not all belong to this
defendant.   If the sale was insufficient, it was the duty of
the plaintiff and his father, to have had it amended in time.

We cannot now travel out of it, to ascertain his rights, and
we are of opinion that he has not made out a legal title.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.